# Floto *v.* Christner, Appellant.

*Judgment—Opening judgment—Judgment note—Evidence.*

Where one of two defendants in a judgment entered on a judgment note seeks to have the judgment opened as to himself on the ground that he was not in fact a principal, but only a joint obligor or surety, he must establish his claim by evidence that is clear, precise and indubitable, and if he fails to do so and the plaintiff in his answer denies all of averments in the petition to open, the court commits no error in refusing to open the judgment.

Argued May 6, 1909. Appeal, No. 82, April T., 1909, by defendant, from order of C. P. Somerset Co., May T., 1903, No. 61, discharging rule to open judgment in case of E. R. Floto,

Cashier, use of M. Christner use of C. W. Walker, v. Wilson Christner. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Rule to open judgment.

KOOSER, P. J., filed the following opinion:

The judgment note upon which said judgment was entered was executed February 3, 1903, payable in "five"—(conceded to be five days). Judgment was entered thereon for use of M. Christner, upon payee's assignment to him, against Wilson Christner, March 17, 1903. The petition to open the judgment was not presented until February 15, 1908, the petitioner averring that he never heard of the note after its execution until on or about October 8, 1907, about four months before the petition to open judgment was presented.

The note in form shows joint liability.

The petition avers in substance that the note was given for $900, borrowed wholly for the use of M. Christner, and that petitioner was surety on the note only, but admits that at the suggestion of M. Christner, petitioner was presented at the bank as principal and M. Christner as surety on the note by reason of the relatively small amount of real estate owned by the former and the larger amount held by the latter.

It is undisputed that the loan was combined with $1,600 of other money of M. Christner, to his account in the bank, and a New York draft issued and delivered to him, and that both men went together to Chicago, and then to Springfield, Illinois, where the money was again deposited to the credit of M. Christner, several days thereafter was withdrawn in currency and—disappeared. Petitioner's averment is that the money was borrowed for and went wholly to the use of M. Christner, and that petitioner is but surety on the note.

M. Christner's answer and deposition are in flat contradiction of every material fact alleged by the petitioner. He avers that the money was borrowed for and went wholly to the use of petitioner, Wilson Christner, and that he, M. Christner, is but surety on the note.

410    FLOTO *v.* CHRISTNER, Appellant.

Opinion of Court below—Opinion of the Court. [40 Pa. Superior Ct.

In part of this he is supported by the affidavits and depositions of Wm. I. Hoover and S. P. Burkholder, who testify that in the latter part of January or the beginning of February, 1908, after the sheriff had advertised defendant's property for sale, he said he had borrowed $900 from the Citizens' National Bank of Meyersdale, by giving a note, and M. Christner had " bailed " him; that M. Christner had lifted the note and entered it of record, and he would not pay it.

These are all the facts that can fairly be considered in the case. The remarkable and contradictory stories told by M. Christner and Wilson Christner as to their trip west and its results, together with their silence as to its purposes, give us little or no light on the case. That defendant knew and before this trip west had met at Garrett, Minard, one of the men who appears finally to have gotten the $2,500, he admits in his deposition, and says Minard went with the Christners to Chicago and Springfield. Besides, he does not contradict M. Christner's testimony that he, Wilson, introduced the parties, or some of them, to M. Christner on the train between Chicago and Springfield.

The evidence as a whole shows that the two makers of the note traveled together with like interests and for a common purpose, whatever it may have been, and we think the court should not exercise its equitable powers as prayed for, under the facts and circumstances of this case.

And now, September 26, 1903, rule discharged at costs of defendant.

*Error assigned* was the order of the court.

*J. A. Berkey,* with him *C. L. Shaver,* for appellant.

*Alexander King,* with him *C. W. Walker,* for appellee.

OPINION BY BEAVER, J., July 14, 1909:

The appellant seeks to have a judgment against him opened, on the ground that on the note upon which it is entered, in which he appears as the principal, or at least a joint maker, he

is really the bail of the party who signs it with him, either as apparent joint obligor or surety. He, therefore, assumes the attitude of contradicting the note as it was made, and changing the relation of the parties thereto. To do this, his petition should have been supported by evidence that was clear, precise and indubitable. It was not so to the court below and is not so to us.

The answer of the appellee was the distinct and emphatic denial of every allegation set forth in the petition to open, and the testimony taken on behalf of the appellee is a complete contradiction of all the facts, as alleged and testified to by the appellant.

There was nothing, therefore, either in the petition or testimony of the appellant in the court below, which would move a chancellor to reform the instrument upon which the judgment was entered against him. On the contrary, his own witnesses seem to sustain the character of the note and the real relation of the parties thereto, as claimed by the appellee, rather than the appellant. Under these circumstances, therefore, without going into the rather remarkable experiences testified to by the other maker of the note beside the appellant, we cannot see how the court below, under a proper consideration of the numerous authorities which govern such a transaction, could have made the rule to show cause why the judgment should not be opened absolute. On the contrary, for the reasons stated in the opinion of the court below, there was every reason why the rule should have been discharged, as it was. We are all of the opinion that the rule to show cause was properly discharged.

Decree affirmed and appeal dismissed at the costs of the appellant.